# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROBERT LEE JONES,**
**D.O.C. # N13283,**

    Plaintiff,

vs.                                                          Case No. 4:24cv236-AW-MAF

**GADSDEN COUNTY SHERIFFS**
**DEPARTMENT, et al.,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff initiated this case in the United States District Court for the Southern District of Florida on May 29, 2024. That Court transferred the case to this Court because the events about which Plaintiff complains occurred in either Leon County or Gadsden County, Florida, which is within the territorial jurisdiction of this Court. ECF Nos. 4-5. After receipt of the transfer order, ECF No. 5, an Order was entered by this Court on June 10, 2024, requiring Plaintiff to either pay the filing fee or submit an in forma pauperis motion. ECF No. 6.

A month after that Order was entered, a mail return was received, ECF No. 7.  It was determined from review of the Florida Department of Corrections' website that Plaintiff had been transferred to Santa Rosa Correctional Institution Annex.  Another Order was entered, directing the Clerk of Court to re-mail the Order to Plaintiff at that location.  ECF No. 8.  Plaintiff was given an extension of time in which to comply with the Order, and to file a proper notice of change of address with this Court which would demonstrate Plaintiff's continuing desire to litigate this case.  Plaintiff was given until **August 13, 2024**, to comply with that Order, but as of this date, nothing further has been received from Plaintiff.  Plaintiff was warned that if he failed to comply with that Order, a recommendation would be made to dismiss this case.  ECF No. 8 at 3.  Furthermore, although Plaintiff was informed that he could file a "notice of voluntary dismissal" pursuant to Federal Rule of Civil Procedure 41(a) if he did not want to continue this litigation, he did not do that either.  It appears that Plaintiff has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No.

Case No. 4:24cv236-AW-MAF

3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, Plaintiff was warned that if he failed to comply with the Order, his case would be dismissed.  ECF Nos. 6, 8.  Because Plaintiff has failed to prosecute this case after being warned of the consequences, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**